**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROBERT A. RUFF,**

    **Petitioner,**

**v.**                                       **CIVIL ACTION NO. 1:16CV196
(Judge Keeley)**

**WARDEN SAAD,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 22] AND DENYING AND DISMISSING
PETITION WITH PREJUDICE [DKT. NO. 1]**

Pending before the Court is the Report and Recommendation ("R&R") by United States Magistrate Judge Robert W. Trumble, recommending that the Court deny and dismiss the petition filed by the petitioner, Robert A. Ruff ("Ruff"). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety, **GRANTS** the respondent's motion for summary judgment, **OVERRULES** Ruff's objections, **DENIES** the petition, and **DISMISSES** this case **WITH PREJUDICE.**

### I. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions of the R&R to which an objection is timely made. See 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 22] AND DENYING AND DISMISSING
PETITION WITH PREJUDICE [DKT. NO. 1]**

Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In such cases, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellaciprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Further, courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Finally, objections that reiterate the same arguments already presented and fully addressed in the R&R "lack the specificity required by Rule 72 and have the same effect as a failure to object." Phillips v. Astrue, 2011 WL 5086851, at *2 (W.D.Va. Oct. 25, 2011 ) (citing Veney v. Astrue, 539 F.Supp.2d 841, 845 (W.D.Va. 2008)).

**RUFF V. SAAD** 1:16CV196

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 22] AND DENYING AND DISMISSING
PETITION WITH PREJUDICE [DKT. NO. 1]**

## II. DISCUSSION

On October 6, 2016, Ruff filed his petition pursuant to 28 U.S.C. § 2241, contending that, as a result of an altercation with another inmate, the Bureau of Prisons ("BOP") has unlawfully taken good time credit from him.[1] He argues that the BOP's action is a violation of "[his] Fifth and Sixth Amendment rights to Due Process," and has caused him to be "mis-represented at [his] latest parole hearing."[2] Dkt. No. 1 at 1. Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the petition to Magistrate Judge Trumble for an initial review and R&R. On December 5, 2016, Saad moved to dismiss the petition or, in the alternative, for summary judgment. Ruff responded to Saad's motion on December 27, 2017.

On June 1, 2017, Magistrate Judge Trumble issued his R&R, recommending that the Court grant Saad's motion to dismiss or, alternatively, for summary judgment, and that it deny and dismiss Ruff's petition because he had failed to fully exhaust his

---

[1] The R&R contains a detailed and thorough discussion of the factual background related to this petition, which the Court adopts.

[2] It is clear form the petition that Ruff is not contending that he was not afforded representation of some kind at his parole hearing. Rather, he means to suggest that the record of his conduct while incarcerated was now misrepresented due to the BOP's disciplinary action against him.

3

**RUFF V. SAAD** 1:16CV196

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 22] AND DENYING AND DISMISSING
PETITION WITH PREJUDICE [DKT. NO. 1]**

administrative remedies, and because he did not assert a cognizable liberty interest as required by § 2241. Ruff filed timely objections to the R&R.

Ruff's objections reiterate the same claims and arguments contained in his petition, and provide only conclusory statements that the R&R is mistaken. Indeed, the statements in Ruff's objections "failed to refer to any specific error of the magistrate's review," and were instead "general and conclusory, and thus do not warrant de novo review by the District Court." McPherson v. Astrue, 605 F.Supp.2d 744 (S.D.W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009) ("[G]eneral and conclusory objection to magistrate judge's recommendation that summary judgment be granted . . . did not warrant de novo review of the issues raised by prisoner . . . .").

Ruff's chief objection remains that he did not receive the Discipline Hearing Officer's ("DHO") Report, and that prison officials did not bring his witnesses to the DHO Hearing. These claims, were previously raised in his petition and were thoroughly addressed by Magistrate Judge Trumble in the R&R. The R&R concluded that Ruff had, in fact, received a copy of the DHO report, that he

**RUFF V. SAAD**                                                      **1:16CV196**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 22] AND DENYING AND DISMISSING
PETITION WITH PREJUDICE [DKT. NO. 1]**

had had a fair opportunity to present witnesses, and that he had received all of the process to which he was due. Ruff raises nothing in his objections that was not clearly analyzed in the R&R. Consequently, Ruff's objections do not warrant <u>de novo</u> review.

As an aside, Ruff also asserts that he was never at FCI Lisbon. Although the R&R states Ruff was transferred from FCI Lisbon to FCI Gilmer, there is no FCI Lisbon. This is clearly a typographical error as FCI Elkton is located in Lisbon, Ohio, and the record is clear that Ruff was indeed at FCI Elkton. In addition, the Court notes that Ruff makes several statements that have no material relationship to the claims in his petition, or the conclusions in the R&R; thus, the Court need not consider them. Ultimately, Ruff simply reiterates claims about what has happened to him while incarcerated, how he has been unable to get the relief he wants, and how he has been unable to exhaust his administrative remedies. As these were all raised in his petition, and addressed in the R&R, the Court need only conduct a clear error review.

## IV. CONCLUSION

After reviewing the R&R for clear error, and finding none, the Court:

- **ADOPTS** the R&R in its entirety (Dkt. No. 22);

**RUFF V. SAAD** 1:16CV196

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 22] AND DENYING AND DISMISSING
PETITION WITH PREJUDICE [DKT. NO. 1]**

- **OVERRULES** Ruff's objections (Dkt. No. 24);

- **GRANTS** the respondent's motion for summary judgment (Dkt. No. 12);

- **DENIES** and **DISMISSED WITH PREJUDICE** Ruff's petition (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: June 30, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE